PER CURIAM.
Appellant seeks review of an order of the Unemployment Appeals Commission which found that an appeals referee had erred in determining that the claimant is entitled to benefits. Although a hearing was held before the appeals referee, only the employer made a telephone appearance at that hearing.
The Unemployment Appeals Commission moves for a relinquishment of jurisdiction, stating that it has concluded that appellant’s failure to appear at the hearing *247 was attributable to a failure to affix sufficient postage to appellant’s copy of the notice of hearing. Neither party has timely responded to the motion.
Rather than relinquishing jurisdiction, the proper procedure in this circumstance is to reverse the order on appeal and remand to the agency for further proceedings. Stacey v. Department of Professional Regulation, Board of Nursing Home Administrators, 547 So.2d 241 (Fla. 1st DCA 1989). Accordingly, we so order.
REVERSED AND REMANDED.
BOOTH, DAVIS and PADOVANO, JJ., concur.